UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gloria Cuevas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-11782 |
| | ) | |
| Chicago Housing Authority, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |

Plaintiff Gloria Cuevas, by and through her attorneys, Julie Pautsch and Legal Aid Chicago, for her complaint against Defendant Chicago Housing Authority, states as follows:

## INTRODUCTION

1. Plaintiff Gloria Cuevas lives with her granddaughter in a two-bedroom scattered-site public housing unit owned by the Chicago Housing Authority (CHA). Ms. Cuevas's unit is on the second floor, up three flights of stairs.

2. Ms. Cuevas, age 74, has physical disabilities that cause her to lose her balance and become winded easily. She has significant difficulty navigating stairs and uses a walker to assist with mobility.

3. In June 2022, Ms. Cuevas requested the CHA transfer her to a first floor unit as a reasonable accommodation. The CHA approved her request almost five months later, in November 2022.

4. Despite the CHA's knowledge of Ms. Cuevas's need for an accessible unit, its November 2022 approval of her reasonable accommodation request, and

1

Ms. Cuevas's repeated follow-up requests, at present the CHA still has not transferred Ms. Cuevas to an appropriate unit. The CHA's unreasonable delay in implementing this long-approved reasonable accommodation has essentially confined Ms. Cuevas to her apartment.

5. Defendant CHA's actions violate the Section 504 of the Rehabilitation Act of 1973, the Fair Housing Act, and the Illinois Civil Rights Remedies Restoration Act.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2613(a). Plaintiff's claims for declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 3613(c)(1).

7. Pursuant to supplemental jurisdiction, Plaintiff also alleges an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, under 775 ILCS § 60/1 et seq., the Civil Rights Remedies Restoration Act.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Defendant resides there and because a substantial part of the events or omissions giving rise to Plaintiff's claims arose there.

## PARTIES

9. Plaintiff Gloria Cuevas ("Ms. Cuevas") resides in a public housing scattered site unit located at 2830 North Austin Avenue, Unit 2, Chicago, Illinois, 60634.

10. Defendant Chicago Housing Authority (CHA) is an Illinois municipal corporation, created and existing under the Illinois Housing Authorities Act, 310 ILCS 10/1 *et seq*. Defendant CHA owns Ms. Cuevas's unit.

## STATEMENT OF FACTS

11. Ms. Cuevas, age 74, currently lives with her 19-year-old granddaughter in a second-floor two-bedroom unit at 2830 North Austin Avenue, Unit 2, Chicago, Illinois, 60634. She must traverse three flights of stairs to access her unit.

12. Ms. Cuevas has physical disabilities caused by a stroke she suffered in September 2021. She experiences impaired vision, weakness in her left side, and a loss of balance. While moving around her apartment, she uses a walker or holds onto walls and doors. She requires assistance getting over the tub wall in order to take a shower, and uses a shower chair.

13. Ms. Cuevas also has a serious heart condition that frequently causes her to experience fatigue and shortness of breath when engaged in physical activities such as walking or navigating stairs. Overexertion increases the risk of a heart episode and may require an emergency room visit.

14. Because of Ms. Cuevas's disabilities, traversing stairs is difficult for her and can even be dangerous. When using stairs, she needs another adult to

assist her, and often requires breaks to rest on the landing, including the use of a chair so that she can sit.

15. Ms. Cuevas's difficulty with stairs has caused her to be confined to her home. In the months following her September 2021 stroke, she would only leave her apartment two to three times per month. But as the symptoms of her disability have worsened, she now only leaves when she absolutely has to, which is about every three to six months, usually for doctors' appointments. Ms. Cuevas stays in her apartment to avoid using the stairs; she cannot visit her adult daughter Amber Cuevas ("Amber"), go to the store, or even check the mail.

### Reasonable accommodation request and approval

16. On June 22, 2022, Ms. Cuevas and her daughter Amber met with a CHA staff member at the CHA's Van Buren office to ask for a first-floor unit due to her physical disabilities. At that meeting, Amber helped explain Ms. Cuevas's stroke, related disabilities, and problems using the stairs. Amber also brought paperwork from Ms. Cuevas's doctor, which stated that Ms. Cuevas required a first-floor unit.

17. On August 12, 2022, Ms. Cuevas submitted a reasonable accommodation request form to the CHA through her property manager Hispanic Housing Development Corporation (HHDC), again asking for a first floor unit.

18. On November 16, 2022, Amber called HHDC to check the status of Ms. Cuevas's reasonable accommodation request. An HHDC employee returned Amber's call and informed her that the CHA had approved Ms. Cuevas's request to be

4

transferred to a first-floor or elevator-accessible unit. The employee added that there were no appropriate units available in Belmont Cragin—the Chicago neighborhood where Ms. Cuevas resides—and that they would need to look into it.

19. CHA's internal records show that CHA employee Brian Barnes approved Ms. Cuevas's reasonable accommodation request on November 16, 2022.

**Following up on the approved reasonable accommodation request**

20. In March 2023, after learning that Ms. Cuevas's heart condition made it dangerous for her to overexert herself, Amber went to HHDC's office to inform them of that condition. Amber also asked an HHDC employee for the status of Ms. Cuevas's reasonable accommodation transfer, and brought a copy of the form she submitted to the CHA in August 2022.

21. HHDC confirmed to Amber that Ms. Cuevas's request had been approved and that they were waiting for a unit to become available. The HHDC employee added that there were a large number of people in front of Ms. Cuevas on the waitlist for new units, that reasonable accommodation requests expire after six months, and that Ms. Cuevas probably would not like where her new unit would be located.

22. Since June 2022, Amber has asked HHDC at least six times for an update on the status of Ms. Cuevas's reasonable accommodation request.

23. On June 17, 2024, attorney Julie Pautsch of Legal Aid Chicago sent a letter to CHA by email on Ms. Cuevas's behalf to follow up on her approved reasonable accommodation request. Unbeknownst to counsel, the individual to

5

whom she sent the letter no longer worked for the CHA. Attorney Pautsch did not receive a bounce-back notification or any other message informing her that this individual's employment at the CHA had ended.

24. On July 11, 2024, attorney Pautsch sent the same letter to a different individual at CHA, Deputy General Counsel Elizabeth Silas, who confirmed receipt on July 23, 2024. (Silas also informed Pautsch that the person Pautsch initially contacted was no longer employed by the CHA.) Silas asked for a couple of days to "investigate or get the 'ball rolling.'"

25. On July 30, 2024, Pautsch emailed Silas and asked for an update. Silas informed attorney Pautsch that there were no available units in the scattered site area where Ms. Cuevas resides that meet her needs. Silas said that the CHA would be branching out to determine if there were available appropriate units in other locations.

26. On August 26, 2024, Pautsch emailed Silas again for an update. Silas stated that CHA's search for an appropriate unit was still in progress.

27. Since August 26, 2024, neither Ms. Cuevas nor attorney Pautsch have received any further information from the CHA about the status of Ms. Cuevas's reasonable accommodation.

28. Ms. Cuevas has still not been transferred to the accessible unit she first asked for in June 2022, and which CHA approved in November 2022.

**COUNT I: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

**(29 U.S.C. § 794)**

29. Each of the above paragraphs is incorporated as if fully restated herein.

30. Section 504 of the Rehabilitation Act provides that "[n]o . . . qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

31. Ms. Cuevas's building is federally-subsidized housing and therefore the CHA must comply with Section 504 of the Rehabilitation Act. *Id.* § 794(b)(3).

32. Ms. Cuevas is an individual with a disability within the meaning of the Section 504 because she is substantially limited in major life skills, including walking, caring for herself, speaking, and performing manual tasks. *Id.* § 794(a).

33. Section 504 requires recipients of federal funds to provide reasonable accommodations to people with disabilities. 24 C.F.R. § 8.33. A reasonable accommodation is a "change, adaption or modification to a policy, program, service, or workplace which will allow a qualified person with a disability to participate fully in a program, take advantage of a service, or perform a job." U.S. Department of Housing and Urban Development (HUD), Section 504: Frequently Asked Questions, *available at:* http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/disabilities/sect504faq.

34. Under the CHA's Admissions and Continued Occupancy Policy, transferring Ms. Cuevas from her second-floor unit to a first-floor or elevator-accessible unit to remedy her mobility barriers is a reasonable accommodation. *See* CHA Admissions and Continued Occupancy Policy, pp. 7, 49, *available at:* https://cha-s3.thecha.org/s3fs-public/2023-07/FY2024%20ACOP%20-%20Clean.pdf (listing reasonable accommodations).

35. The CHA has violated Section 504 by failing to transfer Ms. Cuevas to a first floor or elevator unit, as a reasonable accommodation.

36. The CHA acted intentionally, willfully, and/or in a reckless disregard for Ms. Cuevas's rights.

37. As a result of the CHA's unlawful actions, Ms. Cuevas has suffered injuries, including emotional and mental distress, harms from the unreasonable delay to transfer to an accessible unit as described above, and deprivation of her rights under the law.

## COUNT II: VIOLATION OF THE FAIR HOUSING ACT
### (42 U.S.C. § 3604)

38. Each of the above paragraphs is incorporated as if fully restated herein.

39. Under the Fair Housing Act (FHA), it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a [disability] of—that buyer or renter. . ." 42 U.S.C. § 3604 (f)(1). Discrimination includes failing to "make reasonable accommodations in

8

the rules, policies, practices, or services when such accommodations may be necessary to afford [a person with a disability] equal opportunity to use and enjoy a dwelling." *Id.* § 3604 (f)(3)(B).

40. Ms. Cuevas is a person with a disability ("handicapped"), and a member of a protected class under the FHA. *Id.* § 3604.

41. The CHA violated the FHA by failing to transfer Ms. Cuevas to a first floor or elevator unit, as a reasonable accommodation.

42. The CHA acted intentionally, willfully, and/or in a reckless disregard for Ms. Cuevas's rights.

43. As a result of the CHA's unlawful actions, Ms. Cuevas has suffered injuries, including emotional and mental distress, harms from the unreasonable delay to transfer to an accessible unit as described above, and deprivation of her rights under the law.

**COUNT III: Violation of the Illinois Civil Rights Remedies Restoration Act**

**(775 ILCS § 60/1 *et seq*.)**

44. Each of the above paragraphs is incorporated as if fully restated herein.

45. The Illinois Civil Rights Remedies Restoration Act (ICRRRA) provides that a violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) ". . . shall constitute a violation of th[e ICRRRA]." 775 ILCS § 60/15.

46. The ICRRRA explicitly waives Illinois's sovereign immunity and the immunity granted by Eleventh Amendment of the United States Constitution,

allowing complete damages for all injuries—including monetary, emotional, suffering, inconvenience, and other nonmonetary losses—incurred by violation of the ICRRRA, at a statutory minimum of $4,000 for any violation of the Act. 775 ILCS § 60/1 *et seq*.

47. As a result of the CHA's unlawful actions, Ms. Cuevas has suffered injuries, including emotional and mental distress, harms from the unreasonable delay to transfer to an accessible unit as described above, and deprivation of her rights under the law. 775 ILCS § 60/1 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gloria Cuevas respectfully requests that this Court grant the following relief:

A. Declare the Defendant CHA's failure to transfer Ms. Cuevas to a first floor or elevator-accessible unit as a reasonable accommodation violates Section 504 of the Rehabilitation Act, the federal Fair Housing Act, and the Illinois Civil Rights Remedies Restoration Act;

B. Enter an order and judgment mandating CHA to take steps to comply with federal disability rights laws by promptly ensuring Ms. Cuevas is transferred to an accessible unit on the first floor or in building with an elevator;

C. Award Plaintiff actual damages under the Fair Housing Act, including pain and suffering resulting from Defendant's unlawful discrimination;

D. Award Plaintiff actual damages under the Civil Rights Remedies Restoration Act of no less than the statutory minimum of $4,000 for each violation;

E. Award Plaintiff punitive damages as result of Defendant's willful, malicious, or reckless conduct;

F. Award costs, expenses, and reasonable attorney's fees; and

G. Award any other relief as this Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: November 15, 2024

                                                          Respectfully submitted,

                                                          /s/ Julie Pautsch_____
                                                          Attorney for Plaintiff Gloria Cuevas

Julie Pautsch
Legal Aid Chicago
120 S LaSalle Street, Suite 900
Chicago, Illinois 60603
(312) 229-6042
jpautsch@legalaidchicago.org